UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.: CV 15-00671-CBM (MAN)          Date: February 4, 2015

Title:    Delfino Cárdenas Machado v. Kim Holland (Warden)
========================================================================
DOCKET ENTRY:     ORDER TO SHOW CAUSE REGARDING "MIXED" PETITION AND DIRECTING RESPONSE
========================================================================
PRESENT:

           Hon. Margaret A. Nagle , United States Magistrate Judge

           Earlene Carson                N/A
           Deputy Clerk                  Court Reporter/Tape No.

   ATTORNEYS PRESENT FOR PETITIONER:        ATTORNEYS PRESENT FOR RESPONDENTS:

     N/A                                              N/A

**PROCEEDINGS (In Chambers):**

This action commenced on January 29, 2015, when Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2254 ("Petition"). Petitioner also filed an "Answer Of The Procedural Bars From California's Courts" ("Answer") and a memorandum of points and authorities. The Petition pleads 28 claims, but with the exception of one of the claims alleged (Ground 2, which apparently was raised on direct appeal), it does not clearly indicate the means by which Petitioner exhausted all 28 claims.

Petitioner alleges that he presented his claims in the state courts through various proceedings, including 20 claims presented to the California Supreme Court through a petition filed on October 31, 2014, and addressed in an October 31, 2014 decision, the result of which is described as "reject due to lack of jurisdiction in violation of Houston mailbox rule." (Petition attachments.) Petitioner also alleges, in a contradictory fashion, that 20 of the 28 claims alleged in the Petition -- Grounds 8-9 and 11-28 (the "20 Grounds") -- were **not** previously presented to the California Supreme Court and "'cannot be considered due to lack of jurisdiction' in violation of Federal Houston mailbox rule." (Petition at 7.)

In his Answer, Petitioner clarifies that: he filed a habeas petition in the California Court of Appeal on May 9, 2014, which raised the 20 Grounds; the California Court of Appeal denied that petition on May 21, 2014; commencing on June 4, 2014, he made three efforts to mail a petition for review

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  CV 15-00671-CBM (MAN)                                          Date: February 4, 2015

alleging the 20 Grounds to the California Supreme Court, but was told in each instance that it had not been received by the state high court; on October 16, 2014, he mailed his petition for review to the California Supreme Court for the fourth time; and on October 31, 2014, the California Supreme Court returned the petition for review to him unfiled due to lack of jurisdiction, because the deadline for it passed on June 20, 2014.[1]

Under California law, Petitioner had only 30 days in which to file a petition for review in the California Supreme Court seeking review of the California Court of Appeal's May 21, 2014 decision denying habeas relief.  Petitioner concedes that, on August 4, 2014, he learned that the California Supreme Court had not received the first petition for review he assertedly mailed to that court.  At that point, Petitioner could have submitted an original habeas petition to the California Supreme Court, which the state high court would have had jurisdiction to consider.  Instead, Petitioner sent three more untimely petitions for review to the California Supreme Court, all of which the state high court lacked jurisdiction to consider due to their untimeliness.

"[A] petitioner satisfies the exhaustion requirement[[2]] by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts."  Casey v. Moore, 386 F.3d 896, 915-16 (9th Cir. 2004).  A claim is not fairly presented if it is raised "in a procedural context in which its merits will not be considered."  Castille v. Peoples, 489 U.S. 346, 351 (1989); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994).  "Raising the claim in such a fashion does not . . . constitute 'fair presentation'" for exhaustion purposes.  Castille, 489 U.S. at 351.  Because

---

[1]     A copy of the California Supreme Court's October 31, 2014 letter is appended to the Answer.

[2]     Federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his available state court remedies as to each of the issues presented.  28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203 (1982); Fields v. Waddington, 401 F.3d 1018, 1020 (9th Cir. 2005).  To satisfy the exhaustion requirement, a state prisoner must "fairly present" his federal claim to the state courts, that is, give them a fair opportunity to consider and correct violations of the prisoner's federal rights.  See Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888 (1995); Peterson v. Lampert, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc).  A state prisoner seeking relief with respect to a California conviction is required to "fairly present" his federal claims to the California Supreme Court.  See Baldwin v. Reese, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004) (a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review); Keating v. Hood, 133 F.3d 1240, 1242 (9th Cir. 1998).  A Section 2254 habeas petition that contains both exhausted and unexhausted claims is considered to be "mixed."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  CV 15-00671-CBM (MAN)                                          Date: February 4, 2015

Petitioner presented the 20 Grounds to the California Supreme Court in a procedural context in which they could not be considered -- *i.e.,* in an untimely petition for review rather than in an original habeas proceeding -- he did not fairly present these 20 claims to the state high court, and thus, they are unexhausted. The Petition plainly is "mixed," because at a minimum, the 20 Grounds are not exhausted.[3]

When a petition is "mixed," the petitioner must be given the opportunity to dismiss the action without prejudice (Option One) *or* to amend the petition to delete unexhausted claims and proceed only with the exhausted claims (Option Two).  Rose, 455 U.S. at 510, 102 S. Ct. at 1199 (the district court must give a petitioner "the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims"); *see also* Henderson v. Johnson, 710 F.3d 872, 873 (2013) (*per curiam*).  Option One -- dismissal of the action without prejudice -- can be risky for state prisoners for whom the 28 U.S.C. § 2254(d)(1) one-year limitations period for seeking federal habeas relief may have expired or be close to expiring, as prisoners in this situation may find that, once they exhaust their claim and return to federal court, their later-filed federal habeas petition will be time-barred.  Option Two -- the election to dismiss unexhausted claims and proceed only with exhausted claims -- avoids the risk of having the statute of limitations preclude any federal habeas consideration; however, it may foreclose the prisoner's ability to have the dismissed claim considered by a federal court.

Alternatively, through two other procedures, a district court has the discretion to stay a "mixed" petition while the petitioner returns to state court to present unexhausted claims.  *See* Rhines v. Weber, 544 U.S. 269, 275-77, 125 S. Ct. 1528, 1534-35 (2005) (addressing the requirements for a *Rhines* stay); and King v. Ryan, 564 F.3d 1133, 1143 (9th Cir. 2009) (confirming the continued viability of the Ninth Circuit's alternate *Kelly* stay procedure).  To obtain a *Rhines* stay (Option Three), a petitioner must show "good cause" for the failure to exhaust the claim at issue.  Rhines, 544 U.S. at 277, 125 S. Ct. at 1535.  In addition, a petitioner must show that the unexhausted claim is "potentially meritorious" and that he or she has not engaged in "intentionally dilatory litigation tactics."  *Id.* at 278, 125 S. Ct. at 1535.  To obtain a *Kelly* stay (Option Four) -- in which the petitioner amends the "mixed" petition by deleting unexhausted claims, the amended and now fully

---

[3] With the exception of the claim raised on direct appeal, the Court has no way of knowing whether or not the remaining seven grounds alleged in the Petition are exhausted or not, because Petitioner has not provided copies of the habeas petitions he filed in the California Supreme Court that purportedly exhausted them.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  CV 15-00671-CBM (MAN)                                                        Date: February 4, 2015

exhausted petition is then stayed, the petitioner exhausts his or her other claims in state court, and the petitioner then returns to federal court and is allowed to amend the stayed petition to include the newly exhausted claims -- a petitioner need not establish good cause for the failure to exhaust the claims at issue.  King, 564 F.3d at 1143.  However, a *Kelly* stay is "not only a more cumbersome procedure for petitioners, but it is also a riskier one.  A petitioner seeking to use the *Kelly* procedure will be able to amend his unexhausted claims back into his federal petition, once he has exhausted them, only if those claims are determined to be timely.  And demonstrating timeliness will often be problematic under the now-applicable legal principles."  *Id.* at 1140-41.

The "mixed" nature of the Petition requires the dismissal of the Petition, absent further action by Petitioner.  Accordingly, Petitioner is ORDERED TO SHOW CAUSE why the Petition should not be dismissed.  Petitioner is advised that *unless* he timely elects one of the following four options in his Response to this Order to Show Cause, the Court intends to recommend that this action be dismissed, without prejudice, for failure to exhaust available state remedies:

     Option One:  Petitioner may allow the Petition to be dismissed without prejudice on the basis that it is mixed and, if he wishes to do so, return to state court to exhaust the 20 Grounds and any other claims alleged in the Petition which have not been fairly presented to the California Supreme Court.  Under this option, once the state exhaustion process is complete, Petitioner would have to file a *new* and fully-exhausted federal habeas petition containing all his exhausted claims.  Petitioner is cautioned that any such new federal habeas petition he might file would be subject to the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1) and, thus, could be untimely.  If Petitioner chooses Option One, he must, on or before the date set forth below, file and serve a Notice of Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1).

     Option Two:  Petitioner may dismiss the 20 Grounds and any other unexhausted claims and proceed only with his remaining exhausted claim(s) in the Petition.  Petitioner is cautioned that, if the Petition is resolved on its merits before he exhausts such unexhausted claims and he then attempts to raise those claims in this Court through a second, separate federal habeas petition, any such subsequent filing may be procedurally barred as a second or successive petition pursuant to 28 U.S.C. § 2244(b). Should Petitioner choose Option Two, he must, on or before the date set forth below, file and serve a document entitled Notice Of Voluntary Dismissal Of Unexhausted Claims, in which he clearly states he is voluntarily dismissing specified and clearly-identified claims, without prejudice, on the basis that the claims are unexhausted.  Upon receipt of such a Notice, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  CV 15-00671-CBM (MAN)                                          Date: February 4, 2015

Court will issue an order deeming the Petition amended to delete the identified, dismissed claims and will order Respondent to respond to the Petition as amended, *i.e.,* to the remaining, non-dismissed claims.

Option Three:  Petitioner may request a *Rhines* stay by filing, by no later than the date below, a Response that:  (1) requests a *Rhines* stay of the Petition; (2) establishes that Petitioner had good cause for his failure to exhaust the 20 Grounds and any other unexhausted claims before proceeding to federal court; and (3) establishes, consistently with the showing required under Rhines, *supra*, why this Court should exercise its discretion in favor of staying this action.  **In addition, in his Response, Petitioner *must* indicate which of the prior two Options he elects should his request for a stay be denied**.

Option Four:  Petitioner may request a *Kelly* stay by filing, by no later than the deadline set forth below, a Response that:  (1) requests a *Kelly* stay of the Petition; (2) states that Petitioner wishes to exhaust the 20 Grounds and any other unexhausted claims in state court and have the claims dismissed from the Petition, without prejudice, if a *Kelly* stay is granted; and (3) establishes why such unexhausted claims, once exhausted, will be timely when he seeks to amend the Petition to add back the claims.[4]  **In addition, in his Response, Petitioner *must* indicate which of the first two Options he elects should his request for a stay be denied**.[5]

**Petitioner must respond to this Order to Show Cause and select one of the foregoing four Options in compliance with this Order *by no later than March 11, 2015*.**

**Petitioner is cautioned that a failure to respond to this Order by March 11, 2015,**

---

[4]  "Amendments made after the statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings 'ar[i]se out of the [same] conduct, transaction, or occurrence.'"  Mayle v. Felix, 545 U.S. 644, 655, 125 S. Ct. 2562, 2569 (2005) (quoting Fed. R. Civ. P. 15(c)(2)).  "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order."  *Id.* at 664, 125 S. Ct. at 2574.  Claims being added to a habeas petition through amendment do not relate back "simply because [they arise] from the same trial, conviction, or sentence."  King, 564 F.3d at 1141 (citation and quotation marks omitted).

[5]  If Petitioner intends to seek a stay of this case, he may combine Options Three and Four by filing a Response in which he argues why he is entitled to a *Rhines* stay or, in the alternative, a *Kelly* stay.

MINUTES FORM 11                                                                                  Initials of Deputy Clerk __efc___
CIVIL - GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  CV 15-00671-CBM (MAN)            Date: February 4, 2015

**will be deemed to constitute an exercise of Option One, and the Court will forward the case to the United States District Judge with a recommendation that this action be dismissed without prejudice.**

IT IS SO ORDERED.